U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 3 2013
CLERK, U.S. DISTRICT COURT
By ______
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROYCE GENE SWIM, §
§
Petitioner, §
§
v. § No. 4:13-CV-061-A
§
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Royce Gene Swim, a state prisoner currently incarcerated in Snyder, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

## I. Factual and Procedural History

On February 14, 2011, pursuant to a plea agreement, petitioner pleaded guilty to aggravated sexual assault of a child and, on February 14, 2011, he was sentenced to 35 years'

confinement in the 271st District Court of Wise County, Texas, Case No. CR15428. (Resp't Prel. Resp., Ex. A) Petitioner waived his right to appeal and did not seek postconviction state habeas relief. (*Id.*, Exs. A & B; Pet. at 3) This federal petition for postconviction habeas relief challenging the 2011 conviction was filed on January 18, 2013.[1] Respondent contends the petition is untimely.

## II. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under § 2244(d)(1)(A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time petitioner had for filing a timely notice of appeal on March 16, 2011, and closed one year later on March 15, 2012, absent any applicable tolling.[2] *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner did not file a state postconviction application

---

[2] 2012 was a leap year.

for habeas relief, thus he is not entitled to statutory tolling under § 2244(d)(2). Nor has he demonstrated that an alternative exception of § 2244(d)(1)(B)-(D) applies or that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, – U.S. – , 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner asserts he and his mother asked trial counsel to pursue a "pro se petition for review" and/or a state habeas application on his behalf, but counsel informed them that petitioner had waived the right to appeal and it would cost money to file a state habeas application and probably "wouldn't do any good." (Pet'r Reply) However, there is no evidence whatsoever in the record that counsel was retained, appointed, and/or indicated to petitioner that he would pursue an appeal, a right petitioner expressly waived as part of the plea bargain agreement, or a state habeas application on petitioner's behalf. Nor is there any evidence whatsoever in the record that petitioner was otherwise prevented in some extraordinary way from asserting his rights in state or federal court. (Resp't Prel. Resp., Ex. A) Ignorance of the law, unfamiliarity with filing

deadlines, and *pro se* status do not constitute "rare and exceptional" circumstances warranting equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000).

Petitioner's federal petition was due on or before March 15, 2012, therefore his petition filed on January 18, 2013, was filed beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and made a substantial showing of the denial of a constitutional right.

SIGNED May 3, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE